## Singley v. Glatfelter.

*Pleading—Trespass—Leave to file affidavit of defense more than fifteen days after service of statement.*

The defendant, in an action of trespass, was granted leave to file an affidavit of defense after disposition by the court of a motion to strike off plaintiff's statement, two rules for a more specific statement, the amendment of the plaintiff's statement, and after the case was placed on the trial list and continued at the instance of the defendant.

Petition for leave to file an affidavit of defense. C. P. York Co., April T., 1927, No. 104.

*James J. Logan* and *A. J. Hershey,* for plaintiff.

*Harvey A. Gross,* for defendant and petition.

NILES, P. J., Feb. 27, 1928.—In this action of trespass a summons was issued Feb. 25, 1927, and served upon the defendant, Ida A. Glatfelter,

Singley v. Glatfelter.

March 2, 1927. March 17, 1927, plaintiff's statement of claim was filed and a copy served on the defendant, together with notice requiring her to file an affidavit of defense within fifteen days. No affidavit of defense was filed as required by this notice, but March 31, 1927, within the fifteen days, Ray P. Sherwood, Esq., as attorney for defendant, filed a motion to strike off plaintiff's statement on account of specified formal defects. June 6, 1927, the court, Hon. McClean Stock, Judge, refused the motion to strike off plaintiff's statement, with the suggestion of the propriety of a rule for more specific statement. June 20, 1927, on motion of Mr. Sherwood, attorney for defendant, a rule was entered on plaintiff to file a more specific statement. Sept. 6, 1927, plaintiff filed an amended statement, and the same day the rule of June 20th was dismissed. Sept. 21, 1927, within the fifteen days from the service of the notice to file affidavit of defense to the last-amended statement, another rule issued, on motion of Mr. Sherwood, for a more specific statement. Oct. 24, 1927, this last rule for more specific statement was discharged by the court, Hon. McClean Stock, Judge. The case was on the trial list for the week of Feb. 6, 1928, and on petition of the defendant, alleging the absence of a material witness, the case was continued, at the cost of the defendant. On the same day, Feb. 6, 1928, Harvey A. Gross, Esq., then attorney for defendant, offered to file an affidavit of defense, and a rule was granted to show cause why this should not be allowed. Feb. 13, 1928, defendant's petition for allowance to file the affidavit of defense was presented. Feb. 20, 1928, an answer was filed by plaintiff's attorneys, J. J. Logan and A. J. Hershey, Esqs.

The various steps referred to in the record now bring before the court the question as to whether, under all the circumstances, the affidavit of defense presented Feb. 6, 1928, should be allowed to be filed and considered as a part of the pleadings upon which the case is to go to trial.

On behalf of the plaintiff, a construction of the Practice Act is urged to the effect that the fifteen days allowed by the notice served with the statement is the extreme limit allowed for denial by a defendant in an action of trespass of the averments of the statement regarding the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments. It is urged that fifteen days having expired without the filing of an affidavit of defense, a certain status is established and the essential facts admitted, which may not be disturbed because the right to deny them has been thereby waived by the defendant.

We are not convinced that this extreme position should be adopted.

Counsel for plaintiff urge further, however, that even if an affidavit of defense may be filed after the lapse of fifteen days, it cannot be so filed without leave of court first obtained for cause shown; and that no sufficient cause is shown in this case, but, on the contrary, there does appear sufficient probability of hardship or disadvantages to the plaintiff to require refusal.

It is urged in plaintiff's answer and argument that in preparing for the trial she relied upon the presumed admission of the agency of the driver of the car, arising from the failure to file an affidavit of defense denying the averments of plaintiff's statement in that particular, and other conduct of the defendant, and that she and her counsel have been led to believe that there would be no contest regarding those matters, and are met with greater difficulties in the investigation and preparation of evidence on account of the lapse of time.

Singley v. Glatfelter.

The case as now presented does not satisfy the court that the filing at this time of this proposed affidavit of defense will be of such prejudice or disadvantage to the plaintiff as would warrant refusal, the effect of which might be to prevent admission of evidence to establish the real facts before the jury. This ruling is in harmony with that in a similar case in this court of O'Brien v. Hostetter, 41 York Leg. Record, 161.

And now, to wit, Feb. 27, 1928, the rule granted Feb. 6, 1928, to show cause why an affidavit of defense should not be filed is made absolute, and the affidavit of defense offered Feb. 6, 1928, is allowed to be filed and an exception granted to the plaintiff.

From Richard E. Cochran, York, Pa.